# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TYRONE L BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV412-141 |
| | ) | |
| BRUCE CHATMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

In the late 1980s and early 1990s, Tyrone Lamont Brown ran afoul of the Chatham County, Georgia criminal justice system. Various prosecutions may be found on the County's state court docket. Using a 42 U.S.C. § 1983 form, Brown brought this *pro se* case against the County's *current* prosecutor and the County. Doc. 1. He cites to a 1991 conviction[1] and insists that the County's current prosecutor has "state discovery evidence" that Brown has "never seen at trial and after trial

---

[1] He initially provided no case number but referenced a May 4, 1990 robbery, doc. 1 at 5, then later cited "Indictment No. 090-2502-H," doc. 7 at 1, and the Court has located *Brown v. State*, 214 Ga. App. 838, 838 (1994) (affirming his conviction for "two counts of armed robbery, one count of possession of a firearm by a convicted felon, and one count of possession of a firearm in the commission of a crime."). Brown later attempted to directly appeal the trial court's denial of his motion to correct a void sentence, but it was dismissed on untimeliness and jurisdictional grounds. *Brown v. State*, 295 Ga. App. 66, 67-69 (2008).

and I am still trying to get the state discovery for habeas corpus. If I had the state discovery the outcome of my trial and conviction and sentence would have been different." *Id.* at 5.

Brown does not allege how that information would alter the outcome of a decades-old conviction. But he does say that "if the state can not produce the documents that I am requesting" then "this is what I want the Court to do for my relief. I'm seeking an acquittal. I would like my record to be cleared of all charges. [And] I would like a grand total of 23.1 million dollars for compensation for one million dollars for every year I have been locked up." Doc. 1 at 7.

After the Court directed him to perfect his *in forma pauperis* (IFP) motion with additional information, doc. 4, Brown moved to convert his § 1983 case to a 28 U.S.C. § 2254 petition. Doc. 8. In the caption of that motion he drops the aforementioned defendants and names only his current warden. The Court **GRANTS** his motion to amend. Doc. 8. The above caption has been amended to reflect that result. The Clerk is **DIRECTED** amend the docket caption accordingly and docket-recharacterize this case as a § 2254 proceeding. All subsequent filings shall conform.

Next, Brown moves for appointment of counsel. Doc. 6. The Rules Governing § 2254 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if certain discovery is required, or "if the interest of justice so requires," provided that petitioner qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Since neither an evidentiary hearing nor discovery are required here, and since Brown has demonstrated his ability to file appropriate pleadings seeking § 2254 relief, his motion to appoint counsel is **DENIED**. Doc. 6.

Brown also moves for an Order directing the state to produce evidence. Doc. 7. He wants things like the "victim and witness statements from the night of the armed robbery on Indictment 090-2502-H." *Id.* at 1. However, this habeas action is time-barred.[2] Therefore

---

[2] Brown's conviction became final on October 24, 1994, when his time for seeking review with the Georgia Supreme Court, per that court's Rule 38, expired. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 656 (2012). Absent tolling, he had until one year from the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which is April 24, 1997, to file his § 2254 petition here. *See Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (§ 2254 petitions of prisoners whose convictions became final before the passage of the AEDPA are timely if filed within one year from the AEDPA's effective date); *Charest v. King*, 155 F. App'x 494, 495 (11th Cir. 2005).

As explained in *French v. Carter*, 828 F. Supp. 2d 1309 (S.D. Ga. 2012), Brown could have stopped that one-year clock from ticking by litigating *state* collateral appeal (state habeas) remedies, so long as they were "properly filed." *Id.* at 1314 (citing *Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1283 (2011)). Other than an untimely motion noted *supra* n. 1, Brown has failed to do that, so the federal

there are no grounds for directing the state to do anything, let alone produce the requested documentation, because his § 2254 petition must be denied outright.

Accordingly, Tyrone Lamont Brown's § 2254 petition (doc. 1, *as amended*, doc. 8) must be **DISMISSED** and his motion to produce records is **DENIED**. Doc. 7. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court notes no COA-worthy issues. And, since there are no non-frivolous issues to be raised on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 24th day of September, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

limitations period for him expired long ago. *French*, 828 F. Supp. 2d at 1314 ("Gaps anywhere along the way, then, can be fatal."); 39 AM. JUR. 2D HABEAS CORPUS § 119 (Aug. 2012).